IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CR-00022-KDB-DCK

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY WAYNE ALLEN | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for compassionate release based on the COVID-19 pandemic and home confinement under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 56).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

The motion fails to show that the defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf or that 30 days have elapsed from the warden's receipt of a request. Therefore, the Court is without authority to consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for compassionate release (Doc. No. 56), is **DENIED** without prejudice.

Signed: May 4, 2020

Kenneth D. Bell
United States District Judge